SANSOL v. COMPAGNIE GÉNÉRALE TRANSATLANTIQUE.

(Circuit Court, S. D. New York. May 3, 1900.)

1. MASTER AND SERVANT—INJURY TO EMPLOYE—MASTER'S DUTY TO FURNISH SAFE PLACE TO WORK.

Plaintiff, being employed as a longshoreman in unloading one of defendant's ships in port, was directed to go below deck by the steerage way, which led through a dark passage, and while going through such passage fell through a trapdoor that had been left open, and was injured; the steerage being outside the usual place of employment for longshoremen, and only used because the ladder usually used was out of repair. *Held*, that it was the duty of defendant to furnish plaintiff a safe place to work, and the passage referred to did not meet that requirement.

2. SAME—FELLOW SERVANTS.

A longshoreman employed in unloading a ship, and the servants aboard ship, having charge of the ship's supplies, are not fellow servants, within the rule precluding recovery for a personal injury sustained through the negligence of a fellow servant.

John J. Jeroloman, for plaintiff.
Edward K. Jones, for defendant.

WHEELER, District Judge. The plaintiff is a longshoreman and was employed on the third deck in unloading one of the defendant's ships lying at a wharf in New York. The ladder for going down was out of repair, and he was told to go by the steerage way, which led through a dark passage. He was sent up to the dock for a block and fall, and while he was gone a trapdoor in the floor of the passage was left open, and when he came back he fell through it and was hurt. This suit is brought for the injuries. Since a verdict for the plaintiff, the case has been heard on a motion of the defendant for a new trial. The principal grounds of the motion are the alleged fellowship with the plaintiff of the servant of the defendant whose negligence caused the injury, and the alleged contributory negligence of the plaintiff.

The plaintiff was entitled to expect a reasonably safe place for, and means of ingress and egress to, from, and about, his work, such as would be consistent with the usual dangers of his employment, and the obvious ones of the situation. The ladder which was the usual means of ingress and egress was not safe, and the substitute, as the jury has found, was not kept safe, nor the danger made obvious. The dark passage was not such a safe place as the plaintiff was entitled to, unless the trapdoor in the floor was kept shut, or the opening guarded, or the danger made obvious when it was open. Grace & Hyde Co. v. Kennedy (C. C. A.) 99 Fed. 679. The dark passage was wholly outside the usual place of employment of longshoremen,

and the duty of the defendant was to keep it reasonably safe from pitfalls for any persons who might be lawfully there. The ship was in port, the trapdoor·led to the ship's supplies, and those in charge would be domestic servants, wholly separate from those specially there unlading the ship. The questions of fact relating to this, as well as those relating to the plaintiff's alleged contributory negligence, have been submitted to the jury, and found for the plaintiff.

Upon this review, no adequate ground for disturbing the verdict has been made to appear. Motion overruled. Judgment on verdict. Stay extended 30 days hence for exceptions.